UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER ARAMINI, MARGRET ARAMINI,

                Plaintiffs,

v.                                      **DECISION AND ORDER**
                                           11-CV-745S

CITY OF BUFFALO,
CSX TRANSPORTATION, INC.,

                Defendants.

## I. INTRODUCTION

Plaintiff, Peter Aramini, commenced this personal injury action by filing a Summons and Complaint in New York State Supreme Court against the County of Erie (subsequently dismissed from the case), the City of Buffalo, and CSX Transportation, Inc. ("CSX").[1] On September 2, 2011, CSX removed the action to this Court based on diversity of citizenship. Although Aramini and the City of Buffalo are citizens of the same state, CSX claims that the City of Buffalo was fraudulently joined because there is no possibility that Aramini can state a claim against it.[2] (Docket No. 1.)

Both remaining defendants, CSX and the City of Buffalo, have since filed motions to dismiss in favor of the City of Buffalo. (Docket Nos. 14, 17.) The City of Buffalo and CSX argue that dismissal is appropriate for the same reasons that CSX has claimed that

---

[1] Peter Aramini's wife, Margret Aramini, also brings a derivative loss of consortium claim. Because that claim is not relevant to these motions, this Court will refer to Peter Aramini as simply, "Aramini."

[2] Aramini and the City of Buffalo are both residents of the State of New York for purposes of jurisdiction. (Compl., ¶¶ 1, 2.) CSX is a Virginia Corporation with its principal place of business in Florida. (Id., ¶ 4.)

1

the City was fraudulently joined. Although Aramini did not move to remand the case or otherwise contest CSX's stated basis for removal, it now opposes Defendants' motions to dismiss.

Because Aramini's claims are barred by New York law, the City of Buffalo will be terminated as a defendant. Accordingly, Defendants' motions to dismiss will be denied as moot.

## II.  BACKGROUND[3]

As they stand at this point, the facts are brief and straightforward: On May 1, 2010, in his capacity as a City of Buffalo Sanitation Department employee, Aramini was riding on the back of a sanitation truck traveling westbound on West Ferry Street when it attempted to pass underneath a railroad bridge, which was owned and operated by CSX. (Compl., ¶¶ 10-12, 23.) The top of the truck struck the bridge, bringing it to a sudden stop and injuring Aramini. (Id., ¶ 13.) Aramini contends that a nearby sign, presumably meant to indicate the height of the bridge, was in someway inadequate. (Id., ¶ 14.)

As a result of this incident, Aramini filed a Workers' Compensation claim and received benefits from the City of Buffalo to compensate him for his injures. (Quinn Decl., ¶ 18; Docket No. 14-1; Workers' Compensation Board Decision, attached as Ex. "F" to Quinn Decl.; Docket No. 14-7.)

## III.  DISCUSSION

As noted, CSX removed this case based on diversity jurisdiction, which Aramini did

---

[3]Facts alleged in Plaintiffs' complaint are accepted as true for the purposes of resolving this motion. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

not oppose. Yet, Aramini continues to assert his claims against the City of Buffalo, a non-diverse party. Therefore, at the outset, this Court must consider whether it has subject-matter jurisdiction over this case.

**A.     Fraudulent Joinder**

CSX argues that the City of Buffalo, whose presence in this case would typically destroy the long-standing requirement of complete diversity, see, e.g., Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), *overruled on other grounds by* Louisville, C. & C.R. Co. v. Letson, 43 U.S. (2 How.) 497, 555 (1844), should not be considered in the diversity analysis because, based upon the allegations in the complaint, there is no possibility Aramini can state a claim against it.

To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that there is outright fraud in the plaintiff's pleadings, or that there is no possibility of stating a claim against the non-diverse defendant in state court. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). "The defendant bears the heavy burden of proving this circumstance [and] all factual and legal ambiguities [must be] resolved in favor of plaintiff." Collins v. Flynn, No. 08-CV-59, 2008 WL 3851842, at *3 (W.D.N.Y. Aug. 15, 2008) (citing Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F. 3d 296, 302 (2d Cir. 2004)). The defendant's burden is greater than the requisite burden to dismiss for failure to state a claim. Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 182-83 (S.D.N.Y. 2003) ("In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party 'must demonstrate, by clear and convincing evidence, . . . that there is no possibility, based on the pleadings, that

a plaintiff can state a cause of action against the . . . defendant in state court.'"). If there is a possibility that a right to relief exists under the governing law, fraudulent joinder will not be found. Id. at 183 (citation omitted).

In making the inquiry into whether a defendant has been fraudulently joined, courts may look outside the pleadings. See, e.g., Pampillonia, 138 F. 3d at 461-62 (looking to affidavits to determine if plaintiff's complaint alleged sufficient factual foundation to support his claim); In re Consolidated Fen-Phen Cases, Nos. 03-CV-3081, 03-CV-4869, 2003 WL 22682440, at *3 (E.D.N.Y. Nov. 12, 2003); Areseneault v. Congoleum, No. 01-CV-10657, 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) (deciding fraudulent joiner issue and looking outside the pleadings to depositions and other evidence in the record because "[t]he Second Circuit . . . has said that, on jurisdictional issues 'federal courts may look outside [the] pleadings to other evidence in the record'") (quoting United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F. 3d 298, 305 (2d Cir. 1994)).

Accordingly, this Court can consider affidavits and exhibits attached to Defendants' motions.

**B.    Plaintiff has not stated, and cannot state, a claim against the City of Buffalo**

Aramini alleges that the City of Buffalo is liable for his injuries due to its failure to post and maintain legible signs concerning the clearance height of the railroad bridge. Aramini's claim, however, is barred by New York State law.

It is undisputed that at the time of the injury, Aramini was engaged in activities pursuant to his occupation for the City of Buffalo. It is further undisputed that Aramini sought and received benefits from the City of Buffalo pursuant to New York's Workers'

Compensation Law. That law provides that the "liability of an employer prescribed by [this law] shall be exclusive and in place of any liability whatsoever [] to such employee . . . or anyone otherwise entitled to recover damages." N.Y. Workers' Comp. Law § 11. In other words, "when an employee is injured in the course of his employment, his sole remedy against his employer lies in his entitlement to a recovery under the Workers' Compensation Law." Billy v. Consol. Mach. Tool Corp., 51 N.Y.2d 152, 156, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980) (citation omitted); see also McClary v. O'Hare, 786 F.2d 83, 85 (2d Cir.1986); Chrzanowski v. Lichtman, 884 F. Supp. 751, 756 (W.D.N.Y. 1995) ("It is well-settled that claims for accidental injuries arising out of employment are governed exclusively by the Worker's Compensation Law."). Further still, Aramini does not allege that his injuries were the result of intentional conduct. See id.; Hill v. Delta Intern. Machinery Corp., 386 F. Supp.2d 427, 432 (S.D.N.Y. 2005) (citing Patterson v. Salvation Army, 203 A.D.2d 87, 610 N.Y.S.2d 42, 43 (1st Dep't 1994) (noting exception to conventional rule where employer intentionally caused the injury in question). Because Aramini was subject to the protections and limitations of the Workers' Compensation Law, he is precluded from bringing separate litigation against the City of Buffalo.

Aramini is aware of this bar, but argues that his claim should be allowed to proceed under Billy, 51 N.Y.2d 152. In Billy, an employee of USM Corporation was killed when a boring mill malfunctioned while he working in the company's industrial plant. Id. at 157. The boring mill was designed and manufactured by two separate companies, Consolidated Machine Tool Corporation and Farrel-Birmingham Company. Id. However, through a series of consolidations and mergers, those two companies were absorbed into USM Corporation, which assumed their liabilities and obligations. Id. Thus, the question

before the court was whether, notwithstanding the exclusive remedy provision of the Workers' Compensation Law, the employee's executrix could hold USM Corporation liable for the malfunctioning boring mill. The court answered "yes"; it explained:

> Through its merger with Consolidated and Ferrel, USM voluntarily assumed any obligations that those corporations may have had to individuals who might suffer injury as result of a defect in their product. . . . Inasmuch as Plaintiff's action represents essentially an attempt to recover from third-party manufacturer through a suit against their corporate successor, plaintiff should be permitted to maintain the action, notwithstanding that the successor corporation is also an employer which would otherwise be immune from suit under Section 11.

Id. at 162.

Aramini seeks to apply the above reasoning to this case. He notes that under previous law – New York's Vehicle and Traffic Law of 1929 – railroad corporations, "would have also been liable for negligently failing to post and/or maintain clearly legible clearance signs." (Pl.'s Br. in Opp. to Mot. to Dismiss, at 4; Docket No. 19). Under current law, he notes that this task is now the sole responsibility of the city or village. See N.Y. Veh. & Traf. Law § 1640; see also Akers Motor Lines v. City of New York, 72 Misc. 2d 751, 753, 339 N.Y.S.2d 514 (N.Y. Civ. Ct. 1972) (pointing out the distinction between the two versions of the law). He argues that because it is unknown when the sign was affixed to the railroad bridge, "the granting of a motion to dismiss prior to the opportunity to conduct meaningful discovery [would be] highly prejudicial to Plaintiff's overall claim." (Id. at 5.)

But this court finds any analogy from Billy to this case strained and inapposite. The Billy court was careful to limit its holding to the narrow facts before it. Indeed, it explicitly held as much, finding "the principle of exclusivity embodied in section 11 [of the Workers'

Compensation Law] to be inapplicable to the *unique set of facts* presented in this case." Billy, 51 N.Y2d at 157 (emphasis supplied). It cannot be said the aforementioned change in law placed the City of Buffalo "in the shoes of" CSX, or that the City assumed the "obligations and liabilities" of CSX. Although the Billy court did find that an employer can assume the obligations of a third-party tortfeasor "by operation of law," it is manifest that the court did not contemplate the meaning that Aramini now wishes to assign to this language. Rather, consistent with the remainder of its opinion, the court held that in situations of corporate merger, assets, obligations, and liabilities can merge "by operation of law" – specifically New York Business Corporation Law § 906(b)(3), which provides, "The surviving or consolidated corporation shall assume and be liable for all the liabilities, obligations and penalties of each of the constituent entities." There is no indication whatsoever that the court intended a broader interpretation. See Billy, 51 N.Y2d at *passim* (citing Business Corporation Law § 906(b)(3)).

The Billy court carved out an acutely limited exception to the general rule that an employee's recovery from his employer is limited to his Workers' Compensation award. See Reich v. Manhattan Boiler & Equip. Corp., 91 N.Y.2d 772, 780, 698 N.E.2d 939, 676 N.Y.S.2d 110 (1998) (noting the "tight rein" the Court of Appeals has kept on the scope of the exceptions and remarking that it has "resisted many attempts to breach the wall of exclusivity of the workers' compensation remedy"). The decision was premised on the specific facts before the court: by operation of a corporate merger and the assumption of liabilities, an employer could be held responsible for the tort of a third-party. Those facts are far afield from this case. And Aramini cites no authority for the apparently novel proposition that Billy should be extended beyond that set of circumstances. Instead, cases

following Billy do so only where the facts neatly align with it. See Preston v. APCH, Inc., 89 A.D.3d 65, 71-72, 930 N.Y.S.2d 722 (4th Dep't 2011) ("As in Billy, the merger at issue occurred before the accident and the surviving corporation employed decedent"); Kern v. Frye Copysystems, Inc., 878 F. Supp. 660 (S.D.N.Y. 1995) (applying Billy where employer's liability arose out of its express agreement to assume all liabilities of predecessor); Lynn v. McDonnell Douglas Corp., 134 A.D.2d 328, 329-30, 520 N.Y.S.2d 804 (2nd Dep't 1987) ("Here, Pan Am assumed all the liabilities and obligations of National as a result of the merger. Since National, the alleged third-party tortfeasor, may not invoke the exclusivity provisions of the Workers' Compensation Law as a defense to the common-law action, Pan Am, which stands in the shoes of National with respect to the question of liability, may likewise not do so"); see also Molinari v. Kar-San Dev., Ltd., 117 A.D.2d 194, 197, 502 N.Y.S.2d 552 (3rd Dept. 1986) (restricting Billy to its facts); Hill v. State, 157 Misc. 2d 109, 112, 595 N.Y.S.2d 850 (Ct. Cl. 1993) (limited exception "based on the assumption by one corporation of another's liabilities after a merger").

There is, therefore, no possibility that Aramini has a right to relief under New York law against the City of Buffalo. His claim is barred by Section 11 of the Workers' Compensation Law and the City must be dismissed as a party.[4]

## IV. CONCLUSION

Defendants have shown that there is no possibility that Aramini can state a negligence claim against the City of Buffalo. Accordingly, the City will be terminated from

---

[4] Although not argued by Aramini, it should be noted that the City's position as both Aramini's employer and the relevant municipality responsible for signage does not save Aramini's claim against it. See Billy, 51 N.Y.2d at 160 (rejecting "dual-capacity" exception to Workers' Compensation Law)

this case and Defendants' motions to dismiss will be denied as moot. Upon termination of the fraudulently joined Defendant, diversity jurisdiction exists and the case was properly removed.

## V. ORDERS

IT HEREBY IS ORDERED, that the City of Buffalo, which was fraudulently joined in this action, be TERMINATED as a defendant.

FURTHER, that the Clerk of the Court is directed to Amend the Caption to reflect the termination of the City of Buffalo.

FURTHER, that the City of Buffalo's Motion to Dismiss (Docket No. 14) is DENIED as moot.

FURTHER, that CSX's Motion to Dismiss (Docket No. 17) is DENIED as moot.

SO ORDERED.

Dated:      May 22, 2012
               Buffalo, New York

                                            /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                              Chief Judge
                                        United States District Court